**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NO.:**

HISCOX INSURANCE COMPANY INC.,

     Plaintiff,

vs.

ALL BABIES ARE SAFE, INC.; MEREDITH
WERLINE, as natural parent of W.W.,
TYLER WERLINE, as natural parent of
W.W.,

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Hiscox Insurance Company, Inc. ("Hiscox") files this Complaint against Defendants, ALL BABIES ARE SAFE, INC., ("ABAS"), MEREDITH WERLINE, as natural parent and guardian of W.W., and TYLER WERLINE, as natural parent and guardian of W.W., and states as follows:

1. This is an action seeking declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of actual controversy between the parties.

2. This Court has jurisdiction under 28 U.S.C. §1332.

3. Hiscox seeks a declaration that it has no obligation to defend or indemnify ABAS with respect to a lawsuit brought against ABAS by Meredith

Werline, as natural parent and guardian of W.W., and Tyler Werline, as natural parent and guardian of W.W. (collectively, the "Werlines"), currently pending in the Twentieth Judicial Circuit in and for Lee County, Florida at Case No. 2025-CA-006321 (the "Underlying Lawsuit").

## THE PARTIES

4. Hiscox is a corporation incorporated under the laws of the State of Illinois and has its principal place of business in Illinois. It is an insurance company authorized to do business in the State of Florida and elsewhere. At all times material hereto, Hiscox is and was a citizen of Illinois.

5. ABAS is a corporation incorporated in the State of Florida with its principal place of business in Florida.

6. Meredith Werline is an individual citizen domiciled in the State of Florida and therefore, is a citizen of Florida.

7. Tyler Werline is an individual citizen domiciled in the State of Florida and, therefore, is a citizen of Florida.

8. The Werlines are the natural parents and guardians of W.W., a minor. W.W.'s identity is known to the parties. The Werlines are seeking damages against ABAS, and thus, have a claim or interest that would be affected by this declaration.

9. In accordance with the foregoing and 28 U.S.C. § 1332, there is complete diversity between Hiscox and Defendants.

## I.    JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

11.    An actual justiciable controversy between Hiscox and ABAS exists within the meaning of 28 U.S.C. § 2201 regarding the parties' rights and obligations under the applicable insurance policy with respect to the allegations made in the Underlying Lawsuit. The Werlines are named as nominal defendants as they have an interest that could be affected by this declaration as underlying plaintiffs in the Underlying Lawsuit against ABAS.

12.    The Underlying Lawsuit seeks monetary damages well in excess of $75,000; therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in Lee County, Florida, which is within this district and division. The Underlying Lawsuit is also venued in Lee County, Florida.

## II.    FACTUAL BACKGROUND

**A. The Underlying Lawsuit.**

14.     On or about November 17, 2025, the Werlines filed the Underlying Lawsuit against ABAS. A true and correct copy of the Underlying Lawsuit is attached hereto as Exhibit 1.

15.     The Underlying Lawsuit alleges that ABAS has its principal address at 3304 SW 14th Place, Cape Coral, FL 33914 (the "Property"). *Ex. 1*, ¶ 4.

16.     The Underlying Lawsuit arises out of an alleged incident occurring on or about December 27, 2021 (the "Incident") involving the Werline's minor child, W.W.

17.     The Werlines allege that on or about December 27, 2021, W.W. was an invitee at a different property located at 3313 SW 15th Ave., Cape Coral, FL 33914, under the care and watch of his grandmother, Yvonne Werline, when he obtained access to an unsecured swimming pool on the Property and nearly drowned. *Ex. 1*, ¶ 5. As a result of the near drowning, W.W. is alleged to be catastrophically brain damaged for the remainder of his life. *See id.*

18.     The Underlying Lawsuit alleges that ABAS owed a duty to Plaintiffs to exercise reasonable care in constructing the pool at the Property in a reasonably safe manner, including by ensuring that water was not filled in the pool without a means of access control, such as a pool fence or barrier. *Id.*, ¶ 8.

19.     According to the Underlying Lawsuit, ABAS breached its duty and created a dangerous condition, i.e. a filled pool without access control, such as a pool fence or barrier. As a result, the Werlines allege that W.W. was able to gain access to the unsecured pool, resulting in his near drowning and brain damage. *Id.*, ¶¶ 8-11.

**B. The Hiscox Policy.**

20.    Hiscox issued Commercial General Liability Policy No. UDC-4889006-CGL-21 (the "Policy") to All Babies Are Safe, Inc. ("ABAS"), which provides certain liability coverage for the policy period of July 7, 2021 to July 7, 2022. The Policy contains Each Occurrence Limits of $1,000,000 and General Aggregate Limits of $2,000,000. *See Exhibit 2.*

21.    The Policy's Insuring Agreement provides that Hiscox "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Ex. 2 at p. 12.*

22.    The Policy contains a Contractors Conditions and Exclusions-Florida endorsement which provides:

> *This insurance applies only to "bodily injury["] "property damage", and/or "personal and advertising injury", that is caused by or results from the performance of the specified business operations described in the insured's application for this policy during the policy period. It is further agreed the application for this policy is deemed a part of and attached to this policy.*

> *Ex. 2 at p. 45.*

23.    The Policy contains an Application Summary included at the end of the Policy. *See Ex. 2, pp. 64-67.*

24.    The Application describes ABAS's primary type of business as "[f]ence installation and repair." *Ex. 2 at p. 64.*

25.    The Policy contains an Exclusion-Designated Ongoing Operations endorsement which states:

> *This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.*

In the Schedule of the Endorsement, the Policy contains the following description of designated ongoing operations:

"Services or work on any projects involving the following operations, materials or infrastructure:

[]

Amusement rides, pools or playgrounds[.]"

*Ex. 2* at p. 53.

26.    The Policy contains an Exclusion-Designated Professional Services endorsement which provides that there is no coverage for "bodily injury" "caused by the rendering or failure to render any "professional services."

The Policy states:

*For purposes of this exclusion, "professional services" means professional services and related advice customarily provided by an accountant, architect, engineer, attorney, insurance agent/broker, investment or financial advisor, physician, surgeon, dentist, or other healthcare provider, securities broker/dealer, real estate agent/broker, surveyor, or inspector, or any other services identified as "professional services" in the Schedule above.*

27.    The Schedule of the Exclusion-Designated Professional Services endorsement defines "professional services" to mean fence installation/repair. *Ex. 2* at p. 34.

28.    The owner of the Property is Carlos Lisi (and/or his wife, Paola Lisi), not the company ABAS. *Exhibit 3, ¶ 4* (Plaintiffs' Prior Complaint) *and Exhibit 4* (building permit).

29.     There is a real and actual case or controversy between Hiscox and ABAS, and adjudication of this matter would serve a useful purpose, namely, whether coverage is available under the Policy for the Underlying Lawsuit.

## COUNT I – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND ABAS BASED UPON CONTRACTORS CONDITIONS AND EXCLUSIONS-FLORIDA ENDORSEMENT (AGAINST ALL DEFENDANTS)

30.     Hiscox incorporates the preceding paragraphs 1 through 29 as though fully restated herein.

31.     Hiscox seeks a declaration that it has no duty to defend ABAS pursuant to the Contractors Conditions and Exclusions-Florida endorsement in the Policy.

32.     The Contractors Conditions and Exclusions-Florida endorsement provides that the policy's insurance applies only to "bodily injury" "that is caused by or results from the performance of the specified business operations described in the insured's application for this policy during the policy period." *Ex. 2* at p. 45.

33.     The Application describes ABAS's primary type of business as "[f]ence installation and repair." *Id.* at p. 64.

34.     The Underlying Lawsuit does not allege that the injury to W.W. was caused by or resulted from the performance of fence installation and/or repair by ABAS.

35.     Rather, the Underlying Lawsuit is based on theories of premises liability, not the improper installation or repair of a pool fence on the Property/surrounding the pool. The failure to ensure that the pool was not filled with water without a means of

7

access control is not an alleged failure related to the performance of fence installation and/or repair by a contractor.

36.     Furthermore, property records indicate that the Property was owned by Carlos Lisi individually and not ABAS.

37.     Because there are no allegations of "bodily injury" arising out of the performance of fence installation and/or repair services, there is no coverage for the Underlying Lawsuit pursuant to the Contractors Conditions and Exclusions-Florida endorsement.

38.     Accordingly, Hiscox has no duty to defend ABAS pursuant to the Contractors Conditions and Exclusions-Florida endorsement.

WHEREFORE, Hiscox requests this Court enter a final declaratory judgment that Hiscox owes no duty to defend ABAS with respect to the Underlying Lawsuit, together with any further relief this Court deems appropriate.

**COUNT II – DECLARATORY JUDGMENT
NO DUTY TO DEFEND ABAS PURSUANT TO EXCLUSION-DESIGNATED
ONGOING OPERATIONS ENDORSEMENT
(AGAINST ALL DEFENDANTS)**

39.     Hiscox incorporates the preceding paragraphs 1 through 29 as though fully restated herein.

40.     Hiscox seeks a declaration that it has no duty to defend ABAS pursuant to the Exclusion-Designated Ongoing Operations endorsement.

41.    The Exclusion-Designated Ongoing Operations endorsement states that there is no coverage for "bodily injury" "arising out of the ongoing operations described in the Schedule of th[e] endorsement."

The Schedule contains the following description:

"Services or work on any projects involving the following operations, materials or infrastructure: […] Amusement rides, pools or playgrounds[.]" *Ex. 2* at p. 53.

42.    The Underlying Lawsuit alleges that ABAS "owed a duty to all persons that might reasonably encounter the subject pool being constructed, including W.W., to exercise reasonable care and construct the swimming pool in a reasonably safe manner, for the safety of persons, including minors, reasonably likely to encounter the ABAS Premises." Underlying Complaint at ¶ 7 (emphasis added).

43.    The Underlying Lawsuit further pleads, "[s]pecifically, ALL BABIES ARE SAFE, INC. owed a duty to Plaintiffs to exercise reasonable care in constructing the pool in a reasonably safe manner, by ensuring that the pool was not filled with water without a means of access control, such as a pool fence/barrier, and in compliance with all applicable industry standards and controlling law/ordinances/codes."

44.    The foregoing alleges "bodily injury" "arising out of the ongoing operations described in the Schedule of th[e] endorsement", specifically pool services or pool work.

45.    Therefore, there is no coverage for the Underlying Lawsuit pursuant to the Exclusion-Designated Ongoing Operations endorsement.

46.    As a result, Hiscox has no duty to defend ABAS in accordance with the Exclusion-Designated Ongoing Operations endorsement.

WHEREFORE, Hiscox requests this Court enter a final declaratory judgment that Hiscox owes no duty to defend ABAS with respect to the Underlying Lawsuit, together with any further relief this Court deems appropriate.

## COUNT III – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND ABAS BASED UPON EXCLUSION-DESIGNATED PROFESSIONAL SERVICES ENDORSEMENT
## (AGAINST ALL DEFENDANTS)

47.    Hiscox incorporates the preceding paragraphs 1 through 29 as though fully restated herein.

48.    Hiscox seeks a declaration that it has no duty to defend ABAS pursuant to the Exclusion-Designated Professional Services endorsement in the Policy.

49.    The Exclusion-Designated Professional Services endorsement provides that there is no coverage for "bodily injury" "caused by the rendering or failure to render any 'professional services.'" *Ex. 2* at p. 34.

50.    The endorsement defines "professional services" to include "professional services and related advice […] or any other services identified as 'professional services' in the Schedule [of the endorsement]."

51.    The Schedule of the endorsement defines "professional services" to mean "fence installation/repair". *Ex. 2* at p. 34.

52.    To the extent W.W.'s injuries allegedly arose out of ABAS's rendering of or failure to render "professional services," such as fence installation or repair, there

is no coverage pursuant to the Exclusion-Designated Professional Services endorsement.

53.    Thus, Hiscox has no duty to defend ABAS pursuant to the Prior Completed or Abandoned Work exclusion.

WHEREFORE, Hiscox requests this Court enter a final declaratory judgment that Hiscox owes no duty to defend ABAS from the Underlying Lawsuit, together with any further relief this Court deems appropriate.

## COUNT IV – DECLARATORY JUDGMENT
## NO DUTY TO INDEMNIFY ABAS
## (AGAINST ALL DEFENDANTS)

54.    Hiscox incorporates the preceding paragraphs 1 through 29 as though fully restated herein.

55.    Hiscox seeks a declaration that it has no duty to indemnify ABAS pursuant to the Contractors Conditions and Exclusions-Florida endorsement, the Exclusion-Designated Ongoing Operations endorsement, and the Exclusion-Designated Professional Services endorsement.

56.    Because Hiscox has no duty to defend ABAS for the reasons set forth in Counts I through III, it likewise has no duty to indemnify ABAS.

WHEREFORE, Hiscox requests this Court enter a final declaratory judgment that Hiscox owes no duty to indemnify ABAS from the Underlying Lawsuit, together with any further relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Hiscox respectfully demands a trial by jury on all claims and defenses so triable.

DATED this 6th day of July 2026.

Respectfully submitted,

KENNEDYS CMK, LLP
100 SE Third Avenue
Suite 806
Fort Lauderdale, FL  33394
Tel.: (305) 371-1111

*/s/ Kristen D. Perkins*

By:_____
KRISTEN D. PERKINS
Florida Bar No.: 611816
Jordan Lewis
Florida Bar No.: 123592
Kristen.Perkins@KennedysLaw.com
Jordan.Lewis@KennedysLaw.com
KDPService@KennedysLaw.com